UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**08 CV 01068**

---------------------------------------------------------X

ALTON NOEL,

           Plaintiff,

                               **COMPLAINT**

    -against-                              Case No.:

THE CITY OF NEW YORK,
POLICE OFFICER RAYMOND FERENCE shield # 15158,
POLICE OFFICER BRIAN STICKNEY shield # 09066,
POLICE OFFICER PATRICK MUNROE shield # 26669,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-4,

           Defendants.

---------------------------------------------------------X

PLAINTIFF ALTON NOEL, by his attorney DAVID A. ZELMAN, Esq., for his COMPLAINT, alleges upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which PLAINTIFF ALTON NOEL (hereinafter "NOEL") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about July 4, 2007 at approximately 11:30 P.M., at or near Rochester Avenue and Union Street, Brooklyn, New York, NOEL was falsely arrested by members of the New York City Police Department(Hereafter "Defendants"). It is alleged that Defendants falsely arrested NOEL in violation of his constitutional rights. NOEL was unlawfully detained for approximately three days. It is further alleged that NOEL was strip searched and assaulted by

Defendants. As a result of the excessive force used by Defendants, NOEL suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over PLAINTIFF's state law claims.

## III. PARTIES

3. NOEL at all times resided at 23-25 New Lots Avenue, #5-D, Brooklyn, NY 11212.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER POLICE OFFICER RAYMOND FERENCE of the 71st precinct (hereinafter "FERENCE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

6. Defendant POLICE OFFICER BRIAN STICKNEY of the 71st precinct (hereinafter "STICKNEY") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

2

7. Defendant POLICE OFFICER PATRICK MUNROE of the 71st precinct (hereinafter "MUNROE") was an NYPD police officer, and at all relevant times hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of his employment.

8. POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-4 were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

9. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

10. On or about July 4, 2007 at approximately 11:30 P.M., at or near Rochester Avenue and Union Street, Brooklyn, New York, NOEL was cleaning up from a family picnic with some members of his family and friends.

11. Multiple police cars approached the area from both directions, blocking the road. Defendant officers approached NOEL and his family and asked for identification from everyone. NOEL's uncle asked what the problem was, and defendant officers

3

pushed him to the ground and maced him. NOEL told officers "that isn't necessary," upon which defendant officer responded "shut the fuck up."

12. After approximately 15 minutes, defendant officers gave NOEL a ticket for disorderly conduct. Noel asked in what way he was being disorderly, and officers responded by handcuffing and arresting him.

13. NOEL was then taken to the 71st Precinct. Despite having already been thoroughly searched by defendant officers, officers claim to have found a knife in the patrol car with him.

14. A defendant officer asked NOEL to take off his watch. NOEL asked why he should do so, and the officer punched him twice in the face and threw him on the ground, fracturing his nose.

15. Defendants used excessive force on NOEL.

16. Additional officers then entered the room and began to punch and kick NOEL while yelling racial slurs at him. NOEL was still handcuffed and thus unable to defend himself against the repeated punches. While NOEL recovered from the blows, a defendant officer took video footage of him with his cell phone.

17. Approximately 10 minutes later, officers attempted to put NOEL on his feet, but he was unable to stand due to the beating he received. NOEL was dragged to an ambulance and taken to Kings County Hospital.

18. NOEL was in custody for approximately three days, before being released on bail at 1:00 P.M. on July 7, 2007. NOEL's case is currently pending in New York Supreme court.

19. NOEL was treated for his injuries including minimally displaced medial wall and

4

inferior orbital wall fractures, a nondisplaced linear fracture of the left lamina papyrecea, a fracture and nearly complete opacification of the lateral wall of the left maxillary sinus, bleeding from his nose, contusions and acute swelling to left eye, as well as a loose front tooth.

20. That heretofore and on the 6th day of August, 2007, NOEL's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of NOEL, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

21. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
Pursuant to §1983 (FALSE ARREST)

22. Paragraphs 1 through 21 of this complaint are hereby realleged and incorporated by reference herein.

23. That Defendants had neither valid evidence for the arrest of NOEL nor legal cause or excuse to seize and detain him for approximately three days.

24. That in detaining NOEL for approximately three days, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State

and/or local law.

officers, staff, agents and employees.

26. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

27. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of NOEL's rights alleged herein.

28. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of NOEL's rights, subjected NOEL to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

29. By reason of the foregoing, NOEL suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VI. SECOND CAUSE OF ACTION
Pursuant to State Law (FALSE ARREST)

30. Paragraphs 1 through 29 are hereby realleged and incorporated by reference herein.

31. That the seizure, detention and imprisonment of NOEL was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

32. That Defendants intended to confine NOEL.

33. That NOEL was conscious of the confinement and did not consent to it.

34. That the confinement was not otherwise privileged.

35. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of NOEL's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

36. That by reason of the foregoing, NOEL suffered physical injuries, mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

### VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

37. Paragraphs 1 through 36 are hereby realleged and incorporated by reference herein.

38. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

39. That Defendants had no legal cause or reason to use excessive force in effectuating NOEL's arrest.

40. That Defendants violated NOEL's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

41. That at the time of the arrest, NOEL did not pose a threat to the safety of the arresting officers.

7

42. That NOEL was not actively resisting arrest or attempting to evade arrest.

43. That defendant CITY, through its officers, agents, and employees, unlawfully subjected NOEL to excessive force while effectuating his arrest.

44. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

45. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of NOEL's rights, subjected NOEL to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the Untied States Constitution.

46. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

47. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

48. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

49. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NOEL's rights alleged herein.

50. By reason of the foregoing, NOEL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to State Law (EXCESSIVE FORCE)

51. Paragraphs 1 through 50 are hereby realleged and incorporated by reference herein.

52. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

53. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

54. That Defendants had no legal cause or reason to use excessive force in effectuating NOEL's arrest.

55. That at the time of the arrest, NOEL did not pose a threat to the safety of the arresting officers.

56. That NOEL was not actively resisting arrest or attempting to evade arrest.

57. That Defendants actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

58. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of NOEL's rights, subjected NOEL to excessive force while effectuating his arrest, in violation of the laws of the State of New York

59. By reason of the foregoing, NOEL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to

9

reputation, and other psychological injuries. All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (ASSAULT and BATTERY)

60. Paragraphs 1 through 59 are hereby realleged and incorporated by reference herein.

61. That Defendants intended to cause harmful bodily contact to NOEL.

62. That defendant Defendants, in a hostile manner voluntarily caused NOEL'S injuries.

63. That Defendants contact with NOEL constituted a battery in violation of the laws of the State of New York.

64. That by reason of the foregoing, NOEL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

X. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

65. Paragraphs 1 through 64 are hereby realleged and incorporated by reference herein.

66. That Defendants with malicious intent, arrested NOEL and initiated a criminal proceeding despite the knowledge that NOEL had committed no crime.

67. That the criminal matter against NOEL is currently pending.

68. That there was no probable cause for the arrest and criminal proceeding.

69. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NOEL's rights, deprived NOEL of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

70. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, NOEL was maliciously prosecuted despite the fact that he had committed no violation of the law.

71. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

72. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

73. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of defendant CITY to the constitutional rights of arrestees and were the cause of the violations of NOEL's rights alleged herein.

74. That in so acting, defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

75. That upon information and belief, in 2007, defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods.

76. That by reason of the foregoing, NOEL suffered physical and psychological injuries, traumatic stress, post traumatic stress disorder, mental anguish, economic damages including attorneys fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XI. SEVENTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

77. Paragraphs 1 through 76 are hereby realleged and incorporated by reference herein.

78. That Defendants acted with malicious intent, arrested NOEL and initiated a criminal proceeding despite the knowledge that NOEL had committed no crime.

79. That the criminal matter against NOEL is currently pending.

80. That there was no probable cause for the arrest and criminal proceeding.

81. Defendants knew or should have known that there was no likelihood of a conviction of NOEL.

82. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of NOEL's rights, deprived NOEL of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

83. That by reason of the foregoing, NOEL suffered physical and psychological

## XII. EIGHTH CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

84. Paragraphs 1 through 83 are hereby realleged and incorporated by reference herein.

85. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

86. That at all times Defendants were acting within the scope of their employment.

87. That Defendant CITY was able to exercise control over Defendants activities.

88. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior.

89. By reason of the foregoing, NOEL suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, NOEL has suffered and will continue to suffer, physical pain, emotional pain, suffering, inconvenience,

injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, NOEL respectfully requests that judgment be entered:

1. Awarding NOEL compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding NOEL punitive damages in an amount to be determined by a jury;

3. Awarding NOEL interest from July 4, 2007; and

4. Awarding NOEL reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

DATED: Brooklyn, New York
January 23, 2008

_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ALTON NOEL,

        Plaintiff,

  -against-

THE CITY OF NEW YORK,
POLICE OFFICER RAYMOND FERENCE shield # 15158,
POLICE OFFICER BRIAN STICKNEY shield # 09066,
POLICE OFFICER PATRICK MUNROE shield # 26669,
POLICE OFFICERS JOHN/JANE DOE(S) #'s1-4,

        Defendants.
----------------------------------------------------------------X

## COMPLAINT

DAVID A. ZELMAN (DZ8578)
ATTORNEY FOR PLAINTIFF
612 Eastern Parkway
Brooklyn, NY 11225
(718) 604-3072