



**MEMO ENDORSED**

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

ROBYN N. PULLIO
*Assistant Corporation Counsel*
Special Federal Litigation Division
Tel.: (212) 788-1090
Fax: (212) 788-9776
Email: rpullio@law.nyc.gov

February 20, 2008

BY HAND
Honorable Richard J. Sullivan
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:  Noel Alton v. The City of New York, et al., 08 CV 1068 (RJS)

Dear Judge Sullivan:

    I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of this action on behalf of defendant the City of New York. I am writing with the consent of plaintiff's counsel, David A. Zelman, Esq., to respectfully request that Your Honor stay this case pending the conclusion of the Kings County District Attorney's Office's prosecution of plaintiff on the charges stemming from his arrest, which also gave rise to the claims alleged in this case. In the alternative, I respectfully request that that the City be granted a sixty (60) day enlargement of time from February 21, 2008, to April 21, 2008, to answer or otherwise respond to the complaint; this is the City's first request for an enlargement of time in this action.

    As Your Honor is aware, this matter alleges that certain New York City police officers subjected plaintiff to false arrest, excessive force, assault and battery, and malicious prosecution. The Kings County District Attorney's Office is pursuing the prosecution of plaintiff for the charges stemming from his arrest, which gave rise to the claims alleged in this action. The plaintiff's underlying criminal case is presently adjourned until February 28, 2008. Accordingly, a stay of this matter is necessary in the interests of judicial economy.

    "It is well-settled that the Court may (and indeed should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." Estes-El v. Long Island

Jewish Medical Center, 916 F. Supp. 268, 269 (S.D.N.Y. 1995) (citing cases). See also Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (upholding district court's exercise of discretion in staying civil proceedings until resolution of parallel criminal proceedings against the defendant).

The reasons for granting a stay have been summarized as follows: "The non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." Certain Real Property, 751 F. Supp. at 1062 (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). In deciding whether to grant the stay, the district court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp.1007, 1010 (E.D.N.Y. 1992).

In this case, defendant City seeks this stay out of necessity. The factors the Court considers in determining whether to stay this matter clearly weigh in favor of issuing a stay. This office needs to conduct an investigation into the incident alleged in this action. Currently, there are three individually named defendants in this action, Police Officer Raymond Ference, Police Officer Brian Stickney and Police Officer Patrick Munroe. In addition, it is foreseeable that the plaintiff intends to replace "John Doe" defendants with individual defendants as this case proceeds.[1] Should individual police officers be named and served in this action, this office would then be required to conduct an investigation to determine whether or not individual defendants would be entitled to representation pursuant to the General Municipal Law. General Municipal Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). However, because the District Attorney's Office is pursuing prosecution of the plaintiff, the potential individual officer defendants in this civil action are likely witnesses in the pending criminal action and will be unable to freely communicate with defendant City's counsel until the conclusion of the District Attorney's prosecution of plaintiff.

However, once the criminal prosecution has been concluded, the heretofore named and any future potential officer defendants in this action can be made available to this office without putting them in a position to potentially make statements against their interest. It is also clearly within the interest of the public to issue such a stay. General Municipal Law § 50(k) calls for the resources of the City of New York to be used for legal representation only after it has been determined by the Office of the Corporation Counsel of the City of New York that the individual defendants are entitled to such representation. In a case like this where it cannot yet be

---

[1] The only concern expressed by Mr. Zelman regarding a stay in this matter was that he should not be prevented from amending the complaint after the stay is lifted to include further defendants in place of the "Police Officers John/Jane Does(s) #'s 1-4" that are currently listed in the complaint. I told Mr. Zelman that it was my understanding that he should not be prevented from doing so once the stay is lifted.

2

determined whether the potential individual defendants are so entitled, it benefits the public to stay the civil litigation pending the criminal investigation rather then using the resources of the City of New York, or waste public and judicial resources to litigate this matter, only later to determine that individual defendants are entitled to representation and certain aspects of this case must be re-litigated.

Accordingly, defendant City of New York respectfully submits that, in the interest of judicial economy, the public interest, and the efficient progress of this litigation, which is in the interest of all parties involved, Your Honor should grant defendant City's request for a stay of this matter pending the outcome of the Kings County District Attorney's Office's prosecution of the plaintiff for the incident giving rise to the instant civil action. In the alternative, it is respectfully requested that the Court grant the within request extending the City's time to answer the complaint until April 21, 2008.[2]

Thank you for your consideration herein.

Respectfully submitted,

Robyn N. Pullio (RP 7777)
Assistant Corporation Counsel
Special Federal Litigation Division

cc:  BY FAX
David A. Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3074

*Handwritten order:* This matter is stayed pending resolution of plaintiff's case in Kings County. The parties are directed to submit a status letter apprising the Court of the progress of the Kings County matter by May 1, 2008.

SO ORDERED
Dated: [signature]
RICHARD J SULLIVAN
U.S.D.J.

---

[2] Although this office does not currently represent Officer Ference, Officer Stickney or Officer Munroe, and assuming they are properly served, this office also respectfully requests this extension on their behalves in order to prevent their defenses from being jeopardized while representational issues are being resolved.

3