UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ALTON NOEL,

                                  Plaintiff,

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND FERENCE shield # 15158, POLICE
OFFICER BRIAN STICKNEY shield # 09066, POLICE
OFFICER PATRICK MUNROE shield # 26669, POLICE
OFFICERS JOHN/JANE DOE(S) #'s 1-4,

                                  Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

08 CV 1068 (RJS)

**Jury Trial Demanded**

       Defendant City of New York ("City") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:[1]

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to invoke the jurisdiction and pendant jurisdiction of this Court as stated therein.

---

[1] Although Waivers of Service were sent to the three individual defendants named in the caption of this action via U.S. mail by plaintiff's counsel on February 12, 2008, the docket sheet does not reflect that these waivers were signed and returned to plaintiff's counsel, and the Office of the Corporation Counsel has not yet received Requests for Legal Assistance from any of the abovementioned individual defendants. Therefore, the City respectfully submits that the aforementioned individuals are not yet defendants in this action.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that Officer Ference was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that Officer Stickney was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that Officer Munroe was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admits that plaintiff purports to sue the "Doe" defendants in their individual and official capacities.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that plaintiff purports to sue defendants in their individual and official capacities, and asserts that the remaining allegations in paragraph "9" of the complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that on or about

July 4, 2007, at approximately 11:20 p.m., plaintiff was present in the vicinity of Union Street an Rochester Avenue, Brooklyn, New York.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint, except admits that on or about July 4, 2007, at approximately 11:20 p.m., multiple police cars were present in the vicinity of Union Street an Rochester Avenue, Brooklyn, New York, that plaintiff was asked for identification, and that England Noel was maced during the course of this incident

12. Denies the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff was given a Disorderly Conduct summons, handcuffed and arrested.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that plaintiff was taken to the 71st Precinct and that knives were recovered from the patrol car in which plaintiff was transported.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admits that an officer asked plaintiff to remove his watch and that plaintiff refused to do so.

15. Denies the allegation set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint.

17. Denies the allegations set forth in paragraph "17" of the complaint, except admits that plaintiff was taken to Kings County Hospital.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint, except denies that plaintiff's criminal case is currently pending.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007.

21. Deny the allegations set forth in paragraph "21" of the complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007, and that no settlement has been reached.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

24. Denies the allegations set forth in paragraph "24" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Admits the allegations set forth in paragraph "32" of the complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. Denies the allegations set forth in paragraph "47" of the complaint.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. Denies the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

52. Denies the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

55. Denies the allegations set forth in paragraph "55" of the complaint.

56. Denies the allegations set forth in paragraph "56" of the complaint.

57. Denies the allegations set forth in paragraph "57" of the complaint.

58. Denies the allegations set forth in paragraph "58" of the complaint.

59. Denies the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

61. Denies the allegations set forth in paragraph "61" of the complaint.

62. Denies the allegations set forth in paragraph "62" of the complaint.

63. Denies the allegations set forth in paragraph "63" of the complaint.

64. Denies the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

66. Denies the allegations set forth in paragraph "66" of the complaint.

67. Denies the allegations set forth in paragraph "67" of the complaint.

68. Denies the allegations set forth in paragraph "68" of the complaint.

69. Denies the allegations set forth in paragraph "69" of the complaint.

70. Denies the allegations set forth in paragraph "70" of the complaint.

71. Denies the allegations set forth in paragraph "71" of the complaint.

72. Denies the allegations set forth in paragraph "72" of the complaint.

73. Denies the allegations set forth in paragraph "73" of the complaint.

74. Denies the allegations set forth in paragraph "74" of the complaint.

75. Denies the allegations set forth in paragraph "75" of the complaint.

76. In response to the allegations set forth in paragraph "76" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

77. Denies the allegations set forth in paragraph "77" of the complaint.

78. Denies the allegations set forth in paragraph "78" of the complaint.

79. Denies the allegations set forth in paragraph "79" of the complaint.

80. Denies the allegations set forth in paragraph "80" of the complaint.

81. Denies the allegations set forth in paragraph "81" of the complaint.

82. Denies the allegations set forth in paragraph "82" of the complaint.

83. Denies the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

85. Paragraph "85" of the complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

86. Paragraph "86" of the complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

87. Paragraph "87" of the complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

88. Denies the allegations set forth in paragraph "88" of the complaint.

89. Denies the allegations set forth in paragraph "89" of the complaint.

90. Denies the allegations set forth in the paragraph entitled "INJURY AND DAMAGES" and all subparts thereto.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

91. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

92. Defendant City has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

93. At all times relevant to the acts alleged in the complaint, defendant City acted reasonably in the proper and lawful exercise of its discretion.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

94. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

95. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

96. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

97. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

98. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

99. Punitive damages are not obtainable as against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         June 20, 2008

>                     MICHAEL A. CARDOZO
>                     Corporation Counsel of the
>                       City of New York
>                     Attorney for Defendant City of New York
>                     100 Church Street
>                     New York, New York 10007
>                     (212) 788-1090
>
>              By:    _____
>                     Robyn N. Pullio (RP 7777)
>                     Assistant Corporation Counsel
>                     Special Federal Litigation Division

TO: **<u>VIA ECF</u>**
David Zelman, Esq.
Attorney for Plaintiff
612 Eastern Parkway
Brooklyn, New York 11225

Index No: 08 CV 1068 (RJS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ALTON NOEL,<br><br>                                        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER RAYMOND FERENCE shield # 15158, POLICE OFFICER BRIAN STICKNEY shield # 09066, POLICE OFFICER PATRICK MUNROE shield # 26669, POLICE OFFICERS JOHN/JANE DOE(S) #'s 1-4,<br><br>                                       Defendants. |
| **ANSWER TO COMPLAINT** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>      *Of Counsel: Robyn N. Pullio*<br>      *Tel: (212) 788-0976*<br>      NYCLIS No. 2008-003723 |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................, 2008*<br><br>*....................................................................... Esq.*<br><br>*Attorney for ..........................................................* |