UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ALTON NOEL,

                                Plaintiff,

                  -against-

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND FERENCE shield # 15158, POLICE
OFFICER BRIAN STICKNEY shield # 09066, POLICE
OFFICER PATRICK MUNROE shield # 26669, POLICE
OFFICER PAUL MCCARTHY shield #8218,
SERGEANT DOLORES PILNACEK shield #3694,

                                Defendants.

------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS FERENCE, MUNROE, MCCARTHY & PILNACEK**

08 CV 1068 (RJS)

**Jury Trial Demanded**

        Defendants Police Officer Raymond Ference, Police Officer Patrick Munroe, Police Officer Paul McCarthy and Sergeant Dolores Pilnacek by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

        1.      Deny the allegations set forth in paragraph "1" of the amended complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.      Deny the allegations set forth in paragraph "2" of the amended complaint, except admit that plaintiff purports to invoke the jurisdiction and pendant jurisdiction of this Court as stated therein.

        3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

4. Deny the allegations set forth in paragraph "4" of the amended complaint, except admit that the City of New York is a municipal corporation and that the City of New York maintains a police department.

5. Deny the allegations set forth in paragraph "5" of the amended complaint, except admit that Officer Raymond Ference was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

6. Deny the allegations set forth in paragraph "6" of the amended complaint, except admit that Officer Brian Stickney was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

7. Deny the allegations set forth in paragraph "7" of the amended complaint, except admit that Officer Patrick Munroe was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

8. Deny the allegations set forth in paragraph "8" of the amended complaint, except admit that Officer Paul McCarthy was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

9. Deny the allegations set forth in paragraph "9" of the amended complaint, except admit that Officer Tracey Duncan was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

10. Deny the allegations set forth in paragraph "10" of the amended complaint, except admit that Sergeant Dolores Pilnacek was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

11. Deny the allegations set forth in paragraph "11" of the amended complaint, except admit that plaintiff purports to sue defendants in their individual and official

capacities, and assert that the remaining allegations in paragraph "11" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

    12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint, except admit that on or about July 4, 2007, at approximately 11:20 p.m., plaintiff was present in the vicinity of Union Street an Rochester Avenue, Brooklyn, New York.

    13.    Deny the allegations set forth in paragraph "13" of the amended complaint, except admit that on or about July 4, 2007, at approximately 11:20 p.m., multiple police cars were present in the vicinity of Union Street an Rochester Avenue, Brooklyn, New York, that plaintiff was asked for identification, and that Egland Noel was maced during the course of this incident.

    14.    Deny the allegations set forth in paragraph "14" of the amended complaint, except admit that plaintiff was given a Disorderly Conduct summons, handcuffed and arrested.

    15.    Deny the allegations set forth in paragraph "15" of the amended complaint, except admit that plaintiff was taken to the 71st Precinct and that knives were recovered from the patrol car in which plaintiff was transported.

    16.    Deny the allegations set forth in paragraph "16" of the amended complaint, except admit that an officer asked plaintiff to remove his watch and that plaintiff refused to do so.

    17.    Deny the allegations set forth in paragraph "17" of the amended complaint.

18. Deny the allegations set forth in paragraph "18" of the amended complaint.

19. Deny the allegations set forth in paragraph "19" of the amended complaint, except admit that plaintiff was taken to Kings County Hospital by ambulance.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint, except admit that plaintiff's criminal case was dismissed and sealed on or about May 9, 2008.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Deny the allegations set forth in paragraph "22" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007.

23. Deny the allegations set forth in paragraph "23" of the amended complaint, except admit that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007, and that no settlement has been reached.

24. In response to the allegations set forth in paragraph "24" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

26. Deny the allegations set forth in paragraph "26" of the amended complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

27. Deny the allegations set forth in paragraph "27" of the amended complaint.

28. Deny the allegations set forth in paragraph "28" of the amended complaint.

29. Deny the allegations set forth in paragraph "29" of the amended complaint.

30. Deny the allegations set forth in paragraph "30" of the amended complaint.

31. Deny the allegations set forth in paragraph "31" of the amended complaint.

32. In response to the allegations set forth in paragraph "32" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the amended complaint.

34. Admit the allegations set forth in paragraph "34" of the amended complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36.     Deny the allegations set forth in paragraph "36" of the amended complaint.

37.     Deny the allegations set forth in paragraph "37" of the amended complaint.

38.     Deny the allegations set forth in paragraph "38" of the amended complaint.

39.     In response to the allegations set forth in paragraph "39" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

40.     Deny the allegations set forth in paragraph "40" of the amended complaint.

41.     Deny the allegations set forth in paragraph "41" of the amended complaint.

42.     Deny the allegations set forth in paragraph "42" of the amended complaint.

43.     Deny the allegations set forth in paragraph "43" of the amended complaint.

44.     Admit the allegations set forth in paragraph "44" of the amended complaint.

45.     Deny the allegations set forth in paragraph "45" of the amended complaint.

46.     Deny the allegations set forth in paragraph "46" of the amended complaint.

47. Deny the allegations set forth in paragraph "47" of the amended complaint.

48. Deny the allegations set forth in paragraph "48" of the amended complaint.

49. Deny the allegations set forth in paragraph "49" of the amended complaint.

50. Deny the allegations set forth in paragraph "50" of the amended complaint.

51. Deny the allegations set forth in paragraph "51" of the amended complaint.

52. Deny the allegations set forth in paragraph "52" of the amended complaint.

53. In response to the allegations set forth in paragraph "53" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the amended complaint.

55. Deny the allegations set forth in paragraph "55" of the amended complaint.

56. Deny the allegations set forth in paragraph "56" of the amended complaint.

57. Deny the allegations set forth in paragraph "57" of the amended complaint.

58. Admit the allegations set forth in paragraph "58" of the amended complaint.

59. Deny the allegations set forth in paragraph "59" of the amended complaint.

60. Deny the allegations set forth in paragraph "60" of the amended complaint.

61. Deny the allegations set forth in paragraph "61" of the amended complaint.

62. In response to the allegations set forth in paragraph "62" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

63. Deny the allegations set forth in paragraph "63" of the amended complaint.

64. Deny the allegations set forth in paragraph "64" of the amended complaint.

65. Deny the allegations set forth in paragraph "65" of the amended complaint.

66. Deny the allegations set forth in paragraph "66" of the amended complaint.

67. In response to the allegations set forth in paragraph "67" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

68. Deny the allegations set forth in paragraph "68" of the amended complaint.

69. Admit the allegations set forth in paragraph "69" of the amended complaint.

70. Deny the allegations set forth in paragraph "70" of the amended complaint.

71. Deny the allegations set forth in paragraph "71" of the amended complaint.

72. Deny the allegations set forth in paragraph "72" of the amended complaint.

73. Deny the allegations set forth in paragraph "73" of the amended complaint.

74. Deny the allegations set forth in paragraph "74" of the amended complaint.

75. Deny the allegations set forth in paragraph "75" of the amended complaint.

76. Deny the allegations set forth in paragraph "76" of the amended complaint.

77. Deny the allegations set forth in paragraph "77" of the amended complaint.

78. Deny the allegations set forth in paragraph "78" of the amended complaint.

79. In response to the allegations set forth in paragraph "79" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

80. Deny the allegations set forth in paragraph "80" of the amended complaint.

81. Admit the allegations set forth in paragraph "81" of the amended complaint.

82. Deny the allegations set forth in paragraph "82" of the amended complaint.

83. Deny the allegations set forth in paragraph "83" of the amended complaint.

84. Deny the allegations set forth in paragraph "84" of the amended complaint.

85. Deny the allegations set forth in paragraph "85" of the amended complaint.

86. In response to the allegations set forth in paragraph "86" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

87. Paragraph "87" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

88. Paragraph "88" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

89.     Paragraph "89" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

90.     Deny the allegations set forth in paragraph "90" of the amended complaint.

91.     Deny the allegations set forth in paragraph "91" of the amended complaint.

92.     Deny the allegations set forth in the paragraph entitled "INJURY AND DAMAGES" and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

93.     The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

94.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

95.     At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

96.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

97.   This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

98.   This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

99.   There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

100.   To the extent the amended complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

101.   Punitive damages are not obtainable as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

102.   The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

103.   At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Police Officer Raymond Ference, Police Officer Patrick Munroe, Police Officer Paul McCarthy and Sergeant Dolores Pilnacek request judgment

dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          August 22, 2008

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                  City of New York
                Attorney for Defendants City of New York,
                  Police Officer Raymond Ference,
                  Police Officer Patrick Munroe,
                  Police Officer Paul McCarthy and
                  Sergeant Dolores Pilnacek
                100 Church Street
                New York, New York 10007
                (212) 788-1090

By: _____
       Robyn N. Pullio (RP 7777)
       Assistant Corporation Counsel
       Special Federal Litigation Division

TO:    **VIA ECF**
       David Zelman, Esq.
       Attorney for Plaintiff
       612 Eastern Parkway
       Brooklyn, New York 11225

Index No: 08 CV 1068 (RJS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| ALTON NOEL,<br><br>                              Plaintiff,<br><br>                -against-<br><br>THE CITY OF NEW YORK, POLICE OFFICER RAYMOND FERENCE shield # 15158, POLICE OFFICER BRIAN STICKNEY shield # 09066, POLICE OFFICER PATRICK MUNROE shield # 26669, POLICE OFFICER PAUL MCCARTHY shield #8218, SERGEANT DOLORES PILNACEK shield #3694,<br><br>                            Defendants. |
| **ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANTS FERENCE, MUNROE, MCCARTHY & PILNACEK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendants City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Robyn N. Pullio*<br>*Tel: (212) 788-0976*<br>*NYCLIS No. 2008-003723* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ............................................., 2008*<br><br>*................................................................... Esq.*<br><br>*Attorney for.........................................................* |