UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALTON NOEL,

                                  Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
RAYMOND FERENCE shield # 15158, POLICE
OFFICER BRIAN STICKNEY shield # 09066, POLICE
OFFICER PATRICK MUNROE shield # 26669, POLICE
OFFICER PAUL MCCARTHY shield #8218, POLICE
OFFICER TRACEY DUNCAN shield #8218,
SERGEANT DOLORES PILNACEK shield #3694,

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER TO AMENDED
COMPLAINT ON BEHALF
OF DEFENDANT DUNCAN**

08 CV 1068 (RJS)

**Jury Trial Demanded**

       Defendant Police Officer Tracey Duncan by his attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for his answer to the amended complaint, respectfully alleges, upon information and belief, as follows:

       1.    Denies the allegations set forth in paragraph "1" of the amended complaint, except admits that plaintiff purports to bring this action as stated therein.

       2.    Denies the allegations set forth in paragraph "2" of the amended complaint, except admits that plaintiff purports to invoke the jurisdiction and pendant jurisdiction of this Court as stated therein.

       3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the amended complaint.

4. Denies the allegations set forth in paragraph "4" of the amended complaint, except admits that the City of New York is a municipal corporation and that the City of New York maintains a police department.

5. Denies the allegations set forth in paragraph "5" of the amended complaint, except admits that Officer Raymond Ference was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

6. Denies the allegations set forth in paragraph "6" of the amended complaint, except admits that Officer Brian Stickney was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

7. Denies the allegations set forth in paragraph "7" of the amended complaint, except admits that Officer Patrick Munroe was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

8. Denies the allegations set forth in paragraph "8" of the amended complaint, except admits that Officer Paul McCarthy was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

9. Denies the allegations set forth in paragraph "9" of the amended complaint, except admits that Officer Tracey Duncan was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

10. Denies the allegations set forth in paragraph "10" of the amended complaint, except admits that Sergeant Dolores Pilnacek was employed as a police officer with the New York City Police Department on or about July 4, 2007, and July 5, 2007.

11. Denies the allegations set forth in paragraph "11" of the amended complaint, except admits that plaintiff purports to sue defendants in their individual and official

capacities, and asserts that the remaining allegations in paragraph "11" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

    12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the amended complaint.

    13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the amended complaint.

    14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the amended complaint.

    15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the amended complaint.

    16.    Denies the allegations set forth in paragraph "16" of the amended complaint, except admits that an officer asked plaintiff to remove his watch and that plaintiff refused to do so.

    17.    Denies the allegations set forth in paragraph "17" of the amended complaint.

    18.    Denies the allegations set forth in paragraph "18" of the amended complaint.

    19.    Denies the allegations set forth in paragraph "19" of the amended complaint, except admits that plaintiff was taken to Kings County Hospital by ambulance.

    20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the amended complaint, except admits that plaintiff's criminal case was dismissed and sealed on or about May 9, 2008.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the amended complaint.

22. Denies the allegations set forth in paragraph "22" of the amended complaint, except admits that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007.

23. Denies the allegations set forth in paragraph "23" of the amended complaint, except admits that the New York City Office of the Comptroller received what purports to be a Notice of Claim that was notarized on or about July 11, 2007, and that no settlement has been reached.

24. In response to the allegations set forth in paragraph "24" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

25. Denies the allegations set forth in paragraph "25" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

26. Denies the allegations set forth in paragraph "26" of the amended complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's alleged period of detention.

27. Denies the allegations set forth in paragraph "27" of the amended complaint.

28. Denies the allegations set forth in paragraph "28" of the amended complaint.

29. Denies the allegations set forth in paragraph "29" of the amended complaint.

30. Denies the allegations set forth in paragraph "30" of the amended complaint.

31. Denies the allegations set forth in paragraph "31" of the amended complaint.

32. In response to the allegations set forth in paragraph "32" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

33. Denies the allegations set forth in paragraph "33" of the amended complaint.

34. Admits the allegations set forth in paragraph "34" of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the amended complaint.

36. Denies the allegations set forth in paragraph "36" of the amended complaint.

37. Denies the allegations set forth in paragraph "37" of the amended complaint.

38. Denies the allegations set forth in paragraph "38" of the amended complaint.

39. In response to the allegations set forth in paragraph "39" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "40" of the amended complaint.

41. Denies the allegations set forth in paragraph "41" of the amended complaint.

42. Denies the allegations set forth in paragraph "42" of the amended complaint.

43. Denies the allegations set forth in paragraph "43" of the amended complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the amended complaint.

45. Denies the allegations set forth in paragraph "45" of the amended complaint.

46. Denies the allegations set forth in paragraph "46" of the amended complaint.

47. Denies the allegations set forth in paragraph "47" of the amended complaint.

48. Denies the allegations set forth in paragraph "48" of the amended complaint.

49. Denies the allegations set forth in paragraph "49" of the amended complaint.

50. Denies the allegations set forth in paragraph "50" of the amended complaint.

51. Denies the allegations set forth in paragraph "51" of the amended complaint.

52. Denies the allegations set forth in paragraph "52" of the amended complaint.

53. In response to the allegations set forth in paragraph "53" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

54. Denies the allegations set forth in paragraph "54" of the amended complaint.

55. Denies the allegations set forth in paragraph "55" of the amended complaint.

56. Denies the allegations set forth in paragraph "56" of the amended complaint.

57. Denies the allegations set forth in paragraph "57" of the amended complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the amended complaint.

59. Denies the allegations set forth in paragraph "59" of the amended complaint.

60. Denies the allegations set forth in paragraph "60" of the amended complaint.

61. Denies the allegations set forth in paragraph "61" of the amended complaint.

62. In response to the allegations set forth in paragraph "62" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

63. Denies the allegations set forth in paragraph "63" of the amended complaint.

64. Denies the allegations set forth in paragraph "64" of the amended complaint.

65. Denies the allegations set forth in paragraph "65" of the amended complaint.

66. Denies the allegations set forth in paragraph "66" of the amended complaint.

67. In response to the allegations set forth in paragraph "67" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

68. Denies the allegations set forth in paragraph "68" of the amended complaint.

69. Admits the allegations set forth in paragraph "69" of the amended complaint.

70. Denies the allegations set forth in paragraph "70" of the amended complaint.

71. Denies the allegations set forth in paragraph "71" of the amended complaint.

72. Denies the allegations set forth in paragraph "72" of the amended complaint.

73. Denies the allegations set forth in paragraph "73" of the amended complaint.

74. Denies the allegations set forth in paragraph "74" of the amended complaint.

75. Denies the allegations set forth in paragraph "75" of the amended complaint.

76. Denies the allegations set forth in paragraph "76" of the amended complaint.

77. Denies the allegations set forth in paragraph "77" of the amended complaint.

78. Denies the allegations set forth in paragraph "78" of the amended complaint.

79. In response to the allegations set forth in paragraph "79" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

80. Denies the allegations set forth in paragraph "80" of the amended complaint.

81. Admits the allegations set forth in paragraph "81" of the amended complaint.

82. Denies the allegations set forth in paragraph "82" of the amended complaint.

83. Denies the allegations set forth in paragraph "83" of the amended complaint.

84. Denies the allegations set forth in paragraph "84" of the amended complaint.

85. Denies the allegations set forth in paragraph "85" of the amended complaint.

86. In response to the allegations set forth in paragraph "86" of the amended complaint, defendant repeats and realleges the responses set forth in all the preceding paragraphs of this answer, as if fully set forth herein.

87. Paragraph "87" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

88. Paragraph "88" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

89. Paragraph "89" of the amended complaint sets forth conclusions of law rather than averments of fact, and, according, no response is required.

90. Denies the allegations set forth in paragraph "90" of the amended complaint.

91. Denies the allegations set forth in paragraph "91" of the amended complaint.

92. Denies the allegations set forth in the paragraph entitled "INJURY AND DAMAGES" and all subparts thereto.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

93. The amended complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

94. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any Act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

95. At all times relevant to the acts alleged in the complaint, Defendant City and its agents and officials acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

96. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

97. This action may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

98. This action may be barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

99. There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

100. To the extent the amended complaint alleges claims against the City of New York under state law, such claims are barred by the doctrines of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

101. Punitive damages are not obtainable as against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

102. The individual defendant has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

103. At all times relevant to the acts alleged in the complaint, the individual defendant acted reasonably in the proper and lawful exercise of his discretion.

**WHEREFORE,** defendant Police Officer Tracey Duncan requests judgment dismissing the amended complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
                   August 29, 2008

                                     MICHAEL A. CARDOZO
                                     Corporation Counsel of the
                                        City of New York
                                     Attorney for Defendants City of New York,
                                        Police Officer Raymond Ference,
                                        Police Officer Patrick Munroe,
                                        Police Officer Paul McCarthy and
                                        Sergeant Dolores Pilnacek
                                     100 Church Street
                                     New York, New York 10007
                                     (212) 788-1090

                                     By: _____
                                               Robyn N. Pullio (RP 7777)
                                               Assistant Corporation Counsel
                                               Special Federal Litigation Division


TO:     **VIA ECF**
          David Zelman, Esq.
          Attorney for Plaintiff
          612 Eastern Parkway
          Brooklyn, New York 11225

Index No: 08 CV 1068 (RJS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTON NOEL,

Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER RAYMOND FERENCE shield # 15158, POLICE OFFICER BRIAN STICKNEY shield # 09066, POLICE OFFICER PATRICK MUNROE shield # 26669, POLICE OFFICER PAUL MCCARTHY shield #8218, POLICE OFFICER TRACEY DUNCAN shield #8218, SERGEANT DOLORES PILNACEK shield #3694,

Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT DUNCAN**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Robyn N. Pullio*
*Tel: (212) 788-0976*
*NYCLIS No. 2008-003723*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2008*

*............................................................... Esq.*

*Attorney for.................................................*